Per Curiam.

The respondent was retained by a young man who had appealed from a 1-A classification under the Selective Service Act of 1940 (U. S. Code, tit. 50, Appendix, § 301 et seq.). The basis of the appeal was that the young man was a conscientious objector. The compensation of the respondent was fixed at $1,000 and was given to him in cash to be held in escrow and returned if the appeal were unsuccessful. When the appeal was lost and the 1-A classification confirmed, the young man enlisted in the Havy and then demanded the return of the $1,000. The respondent admittedly was not in a position financially to pay that sum and he asked for time in which to pay it. Eventually a check for $850 was given but when presented payment was refused because of insufficient funds. Sometime after complaint was made to the Association of the Bar the money was paid in full.
When the matter was before the Association of the Bar the respondent, for the first time, contended that the $1,000 was not given to him in connection with the appeal from the draft olassifi *385 cation but was a personal loan from the father of the young man whose draft status was under appeal.
The official referee has reported that the charges have been sustained by the testimony and by the documentary evidence. Included in the documentary evidence is a diary entry in the handwriting of the respondent which completely disproves his contention that the money was a loan. The entry established that the respondent had consulted with the young man prior to the delivery of the money and more than two months prior to the time the respondent claims he first discussed the appeal.
In addition to reporting that the charges have been sustained, the official referee has found that the defense interposed by the respondent was sham and fictitious.
Although the money was repaid several years after it became due, there are no mitigating circumstances.
The respondent has been guilty of misconduct and has aggravated his original offense by interposing a sham and fictitious defense. He has- shown that he is unworthy of membership in the legal profession.
The respondent should be disbarred.
Glennon, Dore, Callahan and Peck, JJ., concur.
Respondent disbarred.